**UNITED STATES DISTRICT COURT
for the
DISTRICT OF MINNESOTA**

---

| | |
|---|---|
| Zikar Holdings LLC, Jameel Ahmed, and Faraaz Mohammed,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>Michael Ruhland, in his individual capacity, Christopher Lyden, in his individual capacity, and City of Lino Lakes, Minnesota,<br><br>　　　　Defendants. | Case No.  24-CV-03721 (JMB/SGE)<br><br>**DEFENDANT CHRISTOPHER LYDEN'S MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFFS' MOTION FOR PRELIMINARY INJUNCTION** |

---

## **INTRODUCTION**

Plaintiffs are asking this Court to issue a preliminary injunction against defendant Council Member Christopher Lyden enjoining him from "participating in any City Council deliberations regarding, or voting on, any application submitted by Plaintiffs or anyone acting in concert with Plaintiffs, including any decision or application related to the proposed Madinah Lakes development."[1] Plaintiffs cite no authority indicating that this Court has the power to prospectively enjoin a member of the legislative branch of government from performing their legislative duties as they were elected to do by the voters. Even if such authority exists, Plaintiffs have not come close to establishing the four

---

[1] ECF 18, at 4.

criteria that must be met before this Court could even consider issuing a preliminary injunction.

## FACTUAL AND PROCEDURAL BACKGROUND

Council Member Lyden agrees with the statement of facts and procedural background contained in the memorandum of law submitted by defendant City of Lino Lakes ("City") in opposition to Plaintiffs' motion for preliminary injunction. Any additional facts necessary to support his contention that a preliminary injunction is not appropriate in this matter will be set forth in the Argument portion of this memorandum of law.

## ARGUMENT[2]

**1.     Preliminary Injunction Criteria.**

A preliminary injunction is an extraordinary remedy and is never awarded as a matter of right. *Winter v. Natural Res. Def. Council, Inc.,* 555 U.S. 7, 24 (2008). Whether to issue a preliminary injunction depends on a flexible consideration of: (1) the threat of irreparable harm to the moving party; (2) balancing that harm with any injury an injunction would inflict on other interested parties; (3) the probability that the moving party will succeed on the merits; and (4) the effect on the public interest. *Richland/Wilkin Joint Powers Authority v. United States Army Corps of* Engineers, 826 F.3d 1030, 1036 (8th Cir. 2016). The party requesting injunctive relief bears the complete burden for establishing all of these factors. *Watkins Inc. v. Lewis,* 346 F.3d 841, 844 (8th Cir.2003).

---

[2] The arguments contained in the City's memorandum of law and Defendant Ruhland's memorandum of law are incorporated by reference into this memorandum of law. The arguments contained in those memoranda apply to Council Member Lyden as well.

2

At its base, the question of whether a court should issue a preliminary injunction depends on whether the balance of equities so favors the movant that justice requires the court to intervene to preserve the status quo until the merits are determined. *Glenwood Bridge, Inc. v. City of Minneapolis*, 940 F.2d 367, 370 (8th Cir. 1991).

**2.** **The Court does not have authority to prospectively enjoin a member of the legislative branch of government from performing their duties.**

Separation of Powers is a fundamental principle of constitutional law. "[T]he legislative makes, the executive executes, and the judiciary construes the law." *Wayman v. Southard,* 23 U.S. 1, 22 (1825) (Marshall, C.J.). Here, Plaintiffs are asking this Court to prevent a legislative official from performing his official duties. Plaintiffs cite no authority that this Court has such power.

Certainly, this Court has the authority to determine that a local legislative action is invalid after the action takes place. The legislative act could, for example, violate the First Amendment or be preempted by federal law. A court's authority to invalidate a legislative act does not, however, include the authority to enjoin the action from first taking place.

**3.** **As a local legislator, Council Member Lyden is entitled to absolute immunity.**

Local legislators are entitled to absolute immunity from 42 USC § 1983 liability for their legislative actions. *Bogan v. Scott-Harris*, 523 U.S. 44, 54 (1998). Whether an act is legislative turns on the nature of the act, not on the motive or intent of the official performing it. *Id.* The adoption of an ordinance is a legislative action. *Id.* Council Member Lyden is therefore absolutely immune from suit for his act of voting in favor of the moratorium ordinance.

Whether absolute immunity applies to future actions taken by Council Member Lyden in this matter cannot be determined at this time. It would therefore be premature for this Court to enjoin Council Member Lyden from taking those actions without first knowing whether they are legislative in nature.

**4.     Even if the Court has the authority to prospectively enjoin Council Member Lyden from participating in the discussion or voting on matters that come before the city council relating to the proposed Madinah Lakes Development, Plaintiffs have not established the four criteria needed for the issuance of a preliminary injunction.**

  **a.     Plaintiffs will not suffer irreparable harm if a preliminary injunction is not issued.**

Plaintiffs contend that their alleged irreparable harm is the loss of their First Amendment rights.[3] Those rights will not be affected in any manner if Council Member Lyden is allowed to participate in the discussion and voting on matters that come before the city council relating to the proposed Madinah Lakes Development. Plaintiffs assume and believe that Council Member Lyden will somehow act in a manner that interferes with their constitutional rights. An "assumption" or a "belief" is not sufficient, however, to meet Plaintiffs' burden of establishing that they will suffer irreparable harm in the absence of a preliminary injunction.[4]

---

[3] ECF 15, at 31.

[4] Put another way, Plaintiffs' request for a preliminary injunction is not ripe for adjudication. The City's memorandum of law fully addresses that issue at pages 44-47, so it will not be repeated here.

### b.     **Plaintiffs have an adequate remedy at law.**

Minnesota Statutes, Section 462.361 provides a remedy for any party aggrieved by a decision by a governmental body in a land use matter. Any such person may have a decision reviewed in district court. That process is available to Plaintiffs if their fear of not receiving a fair and impartial hearing from Council Member Lyden materializes and that hearing also results in a decision adverse to Plaintiffs. *Continental Property Group, Inc. v. City of Minneapolis,* 2011 WL 1642510 (Minn. App. May 3, 2011).

In *Continental Property Group*, a developer sued the City of Minneapolis pursuant to Minnesota Statutes, Section 462.361. The developer claimed that one of the council members who participated in the city council's decision to deny the developer's land use application should not have been allowed to participate because she had actively advocated against the proposed development before it came to the city council for action and therefore she could not act fairly and impartially in the matter. *Id*. at 6. The Court of Appeals agreed with the developer and invalidated the city council's decision. *Id.*

Like the developer in *Continental Property Group*, Plaintiffs have a remedy available to them if their fears about not receiving a fair and impartial hearing and an unfavorable decision materialize. This Court should not exercise its discretion to issue a preliminary injunction based upon Plaintiffs' hypothetical anticipation of that happening.

### c.     **The balance of harm favors not issuing a Preliminary Injunction.**

The harm that would come if this Court issues an anticipatory preliminary injunction far outweighs any harm that the Plaintiffs would suffer if such an injunction is not issued. As the City points out in its memorandum of law, a governmental body suffers irreparable harm

when it is precluded from applying its duly enacted legislation.[5] That harm is even more irreparable if a governmental body were to be enjoined from even enacting the legislation. In addition, because he is a duly elected member of the city council, an anticipatory preliminary injunction harms those residents who elected Council Member Lyden and denies them representation with respect to this matter.

Conversely, for the reasons stated above, Plaintiffs would not suffer irreparable harm if a preliminary injunction is not issued.

### d. **Plaintiffs have little likelihood of succeeding on their claim that Council Member Lyden will not act impartially and fairly on matters that come before the city council relating to the proposed Madinah Lakes Development.**

As pointed out in the City's Memorandum of Law, Plaintiffs' approach to attaching the city council members' motivations in this matter is legally insufficient and unpersuasive.[6] To support their contention that Council Member Lyden has an improper motivation and therefore should be enjoined from participating in further discussion and voting on the proposed Madinah Lakes Development, Plaintiffs rely on things such as: (1) statements by others;[7] (2) that Council Member Lyden felt it was not proper for the city council to comment on the Madinah Lakes PUD Concept Plan until after the city council's final vote on the proposed moratorium ordinance;[8] (3) that he made a statement about the correct pronunciation

---

[5] City's Memorandum of Law, at 41 (citing *Org. for Black Struggle v. Ashcroft*, 978 F.3d 603, 609 (8th Cir. 2020).
[6] *Id.* at 31-40.
[7] ECF 15, at 8.
[8] *Id.* at 15-16.

of the City's name;[9] and (4) that he seconded the motion to adopt the moratorium ordinance.[10] None of those items are probative in establishing an impermissible motive on the part of Council Member Lyden.[11]

Plaintiffs also point to the city council's censure of Council Member Lyden relating to comments in an email he sent on August 6th as being evidence that he has an impermissible motive in this matter.[12] Yet, in making the censure, the city council acknowledged only that his email "*could be interpreted by some*" as endorsing the views expressed in the email on which he was commenting.[13]

In making their allegations against Council Member Lyden, Plaintiffs cherry pick his statements. For example, they chose not to highlight the following statement he made at the July 8th city council meeting:

> Character, character, character is what matters in life. *I don't care about your race or the color of your skin. I don't care about your religion, your sexual preference, or your political party*....I appreciate those who have high standards, high morals, high ethics. Those who express the virtues of honesty, compassion, who know how to put other people first.[14]

---

[9] *Id.* at 17.
[10] *Id.* at 18.
[11] Even if Plaintiffs could establish an impermissible motive, Council Member Lyden is only one member of the city council. A majority vote of the city council will be needed with respect to any future council action on the proposed Madinah Lakes development. Because Council Member Lyden cannot act alone, a decision to enjoin him would be merely symbolic and not guarantee that Plaintiffs' will avoid the hypothetical harm they are asking the Court to treat as fact.
[12] *Id.* at 19.
[13] *Id.*
[14] *Id.* at 17 (emphasis added).

In summary, the scant evidence that Plaintiffs rely on in their effort to demonstrate bias on behalf of Council Member Lyden comes nowhere near the legal standard needed to disqualify him from participating in future city council discussions and voting on the proposed Madinah Lakes Development.

## **CONCLUSION**

For the reasons set forth in this memorandum of law and in the memoranda of law submitted by the City and Council Member Ruhland, Council Member Lyden respectfully requests that this Court deny Plaintiffs' motion for a preliminary injunction in its entirety.

Dated:  November 18, 2024     KENNEDY & GRAVEN, CHARTERED

By: */s/ James J. Thomson*
James J. Thomson (#0145300)
Michelle E. Weinberg (#0388771
150 South Fifth Street, Suite 700
Minneapolis, MN 55402
(612) 337-9300
jthomson@kennedy-graven.com
mweinberg@kennedy-graven.com

ATTORNEYS FOR DEFENDANT
CHRISTOPHER LYDEN