# UNITED STATES DISTRICT COURT

# DISTRICT OF MINNESOTA

RECEIVED
OCT 22 2025
CLERK, U.S. DISTRICT COURT
ST. PAUL, MINNESOTA

Zikar Holdings LLC, et al.,   Plaintiffs,
v.
City of Lino Lakes, et al.,   Defendants.

Case No. 0:24-cv-03721-JMB-DTS

---

# PRO SE MOTION TO QUASH OR MODIFY SUBPOENA

**Fed. R. Civ. P. 45(d)(3)**

## I. Introduction

Pursuant to Rule 45(d)(3) of the Federal Rules of Civil Procedure, non-party **Luke Walter** moves this Court to quash or, in the alternative, modify a subpoena issued by Plaintiffs' counsel commanding him to produce broad categories of documents and communications concerning the "Medinah Lakes City USA" development and related topics.

---

## II. Background

1. On or about October 10, 2025, an unidentified process server left a copy of the subpoena on Mr. Walter's front mat without handing it to him or to any resident of his home. Mr. Walter did not confirm his identity or accept service. A video recording of the event shows the server leaving the papers and departing.

2. Mr. Walter is not a party to this action and has no formal role with the City of Lino Lakes or the Medinah Lakes City USA project. He is a private citizen and community activist.

3. The subpoena purports to require production of "all communications, emails, text messages, or social-media postings referring or relating to" the project, "including but not limited to communications with any city officials, residents, or media," from January 1, 2020 to the present.



## III. Argument

### A. The subpoena was not properly served.

Rule 45(b)(1) requires personal delivery of a subpoena to the named person. Courts uniformly hold that leaving a subpoena on a doorstep or mat is **not valid service**. Because the subpoena was never personally delivered, it is **void and unenforceable**.

### B. The subpoena is overly broad and unduly burdensome.

The request for "all communications … from January 2020 to present" with no limitation by subject, custodian, or medium is **facially overbroad** and imposes an **undue burden** on a non-party. Complying would require reviewing years of private texts, emails, and social-media content wholly unrelated to the claims at issue. See *In re Subpoena Duces Tecum to Custodian of Records*, 945 F. Supp. 2d 885 (D. Minn. 2013) (quashing overbroad non-party subpoena).

### C. The subpoena invades personal privacy and seeks irrelevant information.

Mr. Walter's personal communications are not relevant to whether the City or its officials acted unlawfully. Rule 45(d)(3)(A)(iii)–(iv) requires quashing a subpoena that seeks privileged or protected matter or subjects a person to undue burden. Courts grant heightened protection to non-parties whose privacy would be compromised.

### D. Alternatively, the subpoena should be narrowed.

If the Court does not quash the subpoena outright, it should limit any production to narrowly defined communications directly involving the City of Lino Lakes or its officials concerning the specific Medinah Lakes City USA project **between March 2024** when Mr. Walter became aware of the project, **and July 8th 2024** when Lino Lakes City Council approved the moratorium on new construction in the NW quadrant of the city.

---

## IV. Relief Requested

Mr. Walter respectfully asks that the Court:

1. **Quash** the subpoena in its entirety; or
2. In the alternative, **modify** it to impose reasonable temporal and subject-matter limits and to protect his personal privacy.

## V. Conclusion

For the foregoing reasons, the subpoena should be quashed or modified as requested.

Respectfully submitted,

*Luke Walter*

**Luke Walter**

EXECUTED October 22nd 2025. St. PAUL MN.
7800 Marilyn Drive Lino Lakes, MN 55014
(651) 434-2276 | lukejwalter@gmail.com
**Pro Se Movant / Non-Party Witness**