UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zikar Holdings LLC, Jameel Ahmed, and Faraaz Mohammed, | Case No. 24-CV-3721 (JMB/SGE) |
| Plaintiffs, | |
| v. | |
| Michael Ruhland, in his individual capacity, Christopher Lyden, in his individual capacity, and City of Lino Lakes, Minnesota, | **ORDER** |
| Defendants. | |

This matter came before the Court on November 13, 2025, for a hearing on multiple motions. The Court took Plaintiff's Motion to Compel Discovery and Extend Deadlines (Dkt. 69) under advisement. (Dkt. 93.) For the reasons discussed below, Plaintiffs' Motion to Compel Discovery and Extend Deadlines (Dkt. 69) is **DENIED**.

## I. BACKGROUND

The Court entered the Pretrial Scheduling Order ("PTSO") in this case on December 10, 2024. (Dkt. 40.) The deadline for fact discovery was "on or before" October 10, 2025, and non-dispositive motions were due "on or before" October 24, 2024. (*Id.* at 3-4.) The PTSO advises:

> This Pretrial Scheduling Order has been prepared with the input of counsel for the parties and the parties are required to diligently work to meet the deadlines. This includes, but is not limited to, promptly bringing disputes to the Court through its procedures for resolving non-dispositive motions where the parties have not been able to resolve those disputes through a diligent, good faith meet and confer process. In other words, simply because this

1

> schedule establishes a deadline for filing a particular non-dispositive motion does not mean that a motion brought by that deadline will automatically be considered to have been timely filed if the relief sought by the motion is likely to impact the parties' ability to meet the other deadlines in this Order and if it appears that with the exercise of diligence, the motion could have been brought sooner.

(*Id.* at 1-2.) Additionally, the PTSO explains that if the parties would like to use the Informal Dispute Resolution ("IDR") process, "all parties must agree" to use the process and must "jointly contact chambers" to schedule a conference. (*Id.* at 8.)

Shortly after the PTSO was issued, Plaintiffs served their first round of discovery requests on all Defendants on December 31, 2024. (*See* Dkt. 73-3.) The City of Lino Lakes ("City") served its first responses to the discovery requests on January 30, 2025 (Dkt 81-1); Defendant Lyden served his responses on February 18, 2025 (Dkt. 73-4); and Defendant Ruhland served his responses on June 30, 2025 (Dkt. 73-5). No deficiency letter was ever sent by the Plaintiffs.

On June 11, 2025, Plaintiffs deposed a City official in his individual capacity. (Dkt. 84 at 3.)[1] Almost four months later, and three days before the close of discovery on October 7, 2025, all the parties conferred to discuss Plaintiffs' request to extend the discovery deadline. (*See* Dkt. 58-5 at 2; Dkt. 84 at 3.) All Defendants objected to Plaintiff's requested extension. (Dkt. 85 at 3.)

On Friday, October 10, 2025—the discovery deadline—at 4:10 p.m. Plaintiffs' counsel emailed all Defendants' counsel a draft email to the Court requesting an IDR

---

[1] The Court recounts Plaintiffs affirmative discovery actions, and not Plaintiffs' responses to Defendants' discovery requests, as those were discussed in more detail in regard to the City's motions at the hearing which the Court ruled from the bench on. (*See* Dkt. 93.)

conference, specifically stating he planned to send the email to the Court by 6:00 p.m. regardless of the responses he received. (Dkt. 84-5 at 2-3.) Counsel for the City responded at 4:50 p.m. informing Plaintiff that counsel intended to confer with their client and unambiguously stating that Plaintiff "d[id] not have our authority" to submit a joint email to the Court. (*Id.*) At 7:00 p.m., with only the City's response, Plaintiffs' counsel emailed the Court requesting an IDR conference on their request to extend the discovery and non-dispositive motion deadlines. (Dkt. 58-5 at 2.) The email was not made jointly and Defendants responded that they did not agree to IDR. Consequently, on October 20, 2025, the Court entered a text-only Order denying the request for IDR and informing the parties that if the issues discussed in the email were not resolved, "an appropriate motion pursuant to Rule 7.1 must be filed." (Dkt. 47.)

On Friday, October 24, 2025—the non-dispositive motion deadline—the City filed a Motion for Protective Order (Dkt. 55) and a Motion to Compel Discovery (Dkt. 61). On Saturday, October 25, 2025—the day after the deadline—Plaintiffs filed a Motion to Compel Discovery and Extend Deadlines. (Dkt. 69.) Pursuant to LR 7.1(b)(2) Plaintiffs' response to the City's Motions was due October 31, 2025. One day after the due date, on November 1, 2025, Plaintiffs filed their response. (Dkts. 74-76.) All Defendants filed their opposition to Plaintiffs' motion on November 3, 2025. (Dkts. 77-87.)[2]

---

[2] Defendants' responses were timely filed pursuant to LR. 7.1(b)(2) and Fed. R. Civ. P. 6(a)(1)(C).

3

## II. ANALYSIS

### A. Motion to Extend Deadlines

"A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4); *see also* L.R. 16.3(b)(2) (requiring party moving to modify a scheduling order to "establish good cause for the proposed modification"). "When a party seeks to amend a pleading after the scheduling deadline for doing so, the application of Rule 16(b)'s good-cause standard is not optional." *Sherman v. Winco Fireworks, Inc.*, 532 F.3d 709, 716 (8th Cir. 2008). "The primary measure of good cause is the movant's diligence in attempting to meet the order's requirements." *Sherman*, 532 F.3d at 716-17 (quoting *Rahn v. Hawkins*, 464 F.3d 813, 822 (8th Cir. 2006)); *see also* Fed. R. Civ. P. 16(b), advisory committee's note to 1983 amendment ("[T]he court may modify the schedule on a showing of good cause if it cannot reasonably be met despite the diligence of the party seeking the extension."). "[T]he 'good cause' standard [of Rule 16(b)] is an exacting one, for it demands a demonstration that the existing schedule cannot be reasonably met despite the diligence of the party seeking the extension." *IBEW Local 98 Pension Fund v. Best Buy Co.*, 326 F.R.D. 513, 522 (D. Minn. 2018) (quoting *Scheidecker v. Arvig Enters.*, 193 F.R.D. 630, 632 (D. Minn. 2000)). "While the prejudice to the nonmovant resulting from modification of the scheduling order may also be a relevant factor, generally, [the Court] will not consider prejudice if the movant has not been diligent in meeting the scheduling order's deadlines." *Sherman*, 532 F.3d at 717. A court may find good cause where there has been a change in the law, newly discovered facts, or changed circumstances. *Hartis v. Chicago Title Ins. Co.*, 694 F.3d 935, 948-49 (8th Cir. 2012).

Defendants argue that Plaintiffs have not been diligent in meeting the PTSO deadlines. (Dkts. 77 at 4-7; 80 at 27-38; Dkt. 85 at 5.) Defendant Ruhland points out that he provided responses to Plaintiffs discovery requests on June 30, 2025, and Plaintiff did not take issue with those responses until several months later, after 4:00 p.m. on October 10, 2025, the last day of discovery. (Dkt. 77 at 7.) Defendant Lyden points out that his discovery responses were provided to Plaintiffs on February 18, 2025, and Plaintiff did not raise issues with those responses until eight months later, again on the last day of discovery. (Dkt. 85 at 2.) The City points out that they began rolling production on January 31, 2025 which continued to May 7, 2025 and again, Plaintiff did not take issue with responses until the last day of discovery. (Dkt. 80 at 14-15.)

Plaintiffs argue that they have been diligent because they served their discovery requests in December 2024 and took a deposition in June 2025. (Dkt. 71 at 21-22.) Plaintiffs also argue that a change in the law, newly discovered facts, and changed circumstances constitute good cause to amend. (*Id.* at 21 (Plaintiffs argue, "[a]ll three justifications are present here and support Plaintiffs' motion.").

1. **Plaintiffs Have Not Been Diligent**

Plaintiffs have not demonstrated that they could not reasonably meet the October 10, 2025 discovery deadline or the October 24, 2025 non-dispositive deadline.

In regard to the discovery deadline, at the hearing Plaintiffs argued that they intentionally chose not to engage in discovery from June 2025 until the very end of discovery on Friday, October 10, 2025. Plaintiffs offered many reasons for their tactical decision to wait until the day discovery was due to raise issues with Defendants' discovery

5

responses. But primarily, Plaintiffs argue they were attempting to conserve resources and to obtain more documents.³ Regardless of Plaintiffs' reasons, a tactical decision does not demonstrate diligence under Federal Rule of Civil Procedure 16. *See Powerlift Door Consultants, Inc. v. Shepard*, No. 21-CV-1316 (WMW/ECW), 2022 WL 4466086, at * , at * 3 (D. Minn. Sept. 26, 2022) ("As a starting point, the fact that Powerlift wanted to wait to see if settlement negotiations would be successful before proceeding with additional discovery, while a tactical decision, does not amount to diligence for the purposes of good cause under Rule 16."); *Architectural BusStrut Corp. v. Target Corp.*, No. 19-CV-968 (DSD/ECW), 2021 WL 2646808, at *6 (D. Minn. Mar. 8, 2021) ("However, the fact that ABC chose to delay discovery in this case based on a possible settlement or coordination of discovery is a 'tactical decision' that does not provide sufficient good cause to modify a pretrial scheduling order under Rule 16.")  (citation omitted); *Marmo v. Tyson Fresh Meats, Inc.*, 457 F.3d 748, 759-60 (8th Cir. 2006) (holding that "tactical decision" did not provide good cause to modify a scheduling order) (citation omitted); *Goyette v. City of Minneapolis*, No. 20-CV-1302 (WMW/DTS), 2022 WL 1963722, at * 6 (D. Minn. June 6, 2022) ("Plaintiffs' tactical decisions about how to allocate their resources were insufficient to demonstrate a diligent attempt to comply with the pretrial scheduling order.")

Defendants responded to Plaintiffs discovery requests months before the October 10, 2025 deadline. From their responses in January, February, and June through October

---

³ Plaintiffs second proffered reason—that they would obtain more documents—ignores parties' ongoing obligation under Federal Rule of Civil Procedure 26(e)(1)(A) to supplement discovery responses.

6

Plaintiffs had more than a "reasonable opportunity" to address discovery issues before the PTSO deadline. *Goyette*, 2022 WL 1963722, at * 6. Plaintiffs' tactical decision to wait until October 10, 2025 to raise discovery issues for the first time does not demonstrate diligence to extend the discovery deadline.

Plaintiffs have also failed to demonstrate diligence in regard to the non-dispositive deadline. Plaintiffs knew as early as October 7, 2025 that Defendants opposed an extension of the PTSO. And Plaintiffs knew as early as October 14, 2025 that all Defendants objected to Plaintiffs' IDR request. Thus, Plaintiffs were on notice that they would need to bring a non-dispositive motion pursuant to Local Rule 7.1 to resolve the issues. And if Plaintiffs had any doubt, the Court's October 20, 2025 text Order should have dispelled it. (Dkt. 47 ("If the issues identified are not resolved, an appropriate motion pursuant to Rule 7.1 must be filed.").)

Plaintiffs did not, however, file the present motion by the non-dispositive deadline (*See* Dkt. 69.) The Court recognizes that Plaintiffs missed this deadline by one day. However, a PTSO cannot be "cavalierly disregarded by counsel without peril." *Luigino's Inc. Pezrow Cos.*, 178 F.R.D. 523, 525 (D. Minn. 1998) (quotations omitted). The Honorable Jeffrey M. Bryan warned Plaintiffs a year earlier, on October 24, 2024, that "[a]ny filings that are late or otherwise out of time will [] be stricken." (Dkt. 21.) Yet, throughout this case Plaintiffs have frequently submitted late filings. (*See* Dkts. 32-33 (stricken by District Judge), 69-73, and 92.)

In sum, Plaintiffs have not been diligent and thus have not demonstrated the good cause required to amend. *Sherman*, 532 F.3d at 716.

7

### 2. Plaintiffs Have Not Identified Changes in the Law, Newly Discovered Facts, or Changed Circumstances

Plaintiffs also argue that changes in the law, newly discovered facts, and changed circumstances prevented them from meeting the discovery deadlines. Plaintiffs argue that the City's October 10, 2025 supplemental disclosure "included substantial new information" and that the City's intention to change the Comprehensive Plan will dictate whether they can someday develop Madinah Lakes. (Dkt. 71 at 22.)

As for Plaintiffs' first argument, it was made clear in the briefing and at the hearing that the City's October 10, 2025 disclosures consisted of publicly available documents that Plaintiffs already had access to, independent of the City's disclosure. (Dkt. 80 at 15; Dkt. 81 ¶ 9; Dkt. 84 ¶ 11.) Indeed, the *only* discovery produced on October 10, 2025 that Plaintiffs specifically reference are "documents" related to the "City Council's August 25 adoption of a new 'master plan,'" documents that were publicly available. (Dkt. 71 at 22.) Thus, to the extent that Plaintiff is attempting to argue the City's supplemental disclosure of publicly available documents constitutes new facts or changed circumstances, that argument is not persuasive.

Plaintiffs' second argument also fails. As an initial matter, it is unclear what law the Plaintiffs claim changed. It appears that Plaintiffs believe that unspecified changes that *will* be made to the City's Comprehensive Plan at an unspecified time *in the future* constitute a change in the law that now warrants an extension of the discovery deadlines. If this is the case, the Plaintiffs are essentially requesting an indefinite extension of the discovery and non-dispositive deadlines, to be concluded once the City eventually adopts changes to the

Comprehensive Plan. In this regard, Plaintiffs have violated Local Rule 16.3 which requires a party moving to modify a discovery deadline to "state how long it will take to complete discovery." L.R. 16.3(c)(4).

On the day of the motion hearing, November 13, 2025, Plaintiffs submitted a proposed order to the Court requesting, for the first time, an extension of "six weeks."[4] (Dkt. 94.) Despite this Court's questioning at the hearing, neither Plaintiffs nor Defendants could identify what change in the law occurred to justify an extension of the deadlines. Nor did Plaintiff explain whether the proposed changes to the Comprehensive Plan would occur within the six-week extension they sought in their late proposed order. Thus, the Court concludes that Plaintiffs have not demonstrated a change in the law warranting good cause to amend the deadlines.

## B. Motion to Compel Discovery

In their motion and memorandum, Plaintiffs seek to compel Defendant Ruhland, Defendant Lyden, and their counsel to "fulfill their discovery obligations." (Dkt. 71.) Defendants argue that Plaintiffs' motion to compel discovery should also be denied because it was untimely and filed without a meet and confer. (Dkt. 80 at 40; Dkt. 77 at 5-7; Dkt. 85 at 5.) The Court agrees.

---

[4] Plaintiffs' last-minute filing of their proposed order violated Local Rule 7.1 which requires all supporting documents be filed "simultaneously." Local Rule 7.1(b)(1). While Plaintiffs have previously not filed documents simultaneously, this final instance serves as a good example of Plaintiffs' continued non-compliance with this District's Local Rules.

9

**1. Lack of diligence**

A court may deny a motion to compel as untimely where a party lacked due diligence "in attempting to resolve discovery issues." *Stai v. Deshane*, No. 14-CV-4152 (RHK/LIB), 2016 WL 11031224, at * 4 (D. Minn. Jan. 22, 2016); *Bredemus v. International Paper Co.*, 252 F.R.D. 529, 534 (D. Minn. 2008) ("[I]t is no abuse of discretion to deny a discovery request that is untimely."). Even where a discovery motion is timely filed, but a party was not diligent in seeking discovery, "courts have regularly denied motions to compel as untimely." *Stai*, 2016 WL 11031224, at * 4 (collecting cases) (citations omitted). As discussed above, Plaintiffs did not notify Defendants of any alleged deficiencies in their discovery responses until the last day of discovery, October 10, 2025, *months* after the responses were served.[5] And Plaintiffs did not timely file the present motion.

The Court cannot conclude that Plaintiffs pursued the discovery they seek in a diligent manner. *See Est. of Boggess v. U.S. Bank N.A.*, No. 24-MC-43 (DWF/DJF), 2024 WL 4647989, at *4  (D. Minn. Nov. 1, 2024) (denying motion to compel as untimely where movant sought documents six months after they last communicated about discovery); *Stai*, 2016 WL 11031224, at * 5 (denying motion to compel where movant delayed for months

---

[5] Moreover, even had Defendants' discovery responses been deficient, Plaintiffs' email on the last day of discovery was not made in time to allow Defendants to cure any issue. But to be clear, the Court is "not holding that the discovery responses in the present cases were perfect, however, any claim Plaintiff had to assert discovery response deficiencies was forfeit under the circumstances of this case because 'Plaintiffs should have raised their concerns, about the discovery responses, long ago.'" *Stai,* 2016 WL 11031224, at * 4 (quoting *Bredemus,* 252 F.R.D. at 534).

10

and waited "until the last day of discovery, to even specifically allege, for the first time, the nature of the purported deficiencies"); *Bredemus*, 252 F.R.D. at 534 (denying motion to compel as untimely where movant's "dissatisfaction with . . . discovery responses lingered for several months, without any discussion between the parties concerning the adequacy of those responses").

### 2. Lack of meet and confer

Local Rules 7.1, 37.1, and Federal Rule of Civil Procedure 37 all require that parties meet and confer prior to filing a motion. Here, Plaintiffs did not meet and confer with opposing counsel nor file a meet and confer statement simultaneously with their motion.[6] Thus, even if Plaintiffs had acted diligently in addressing discovery issues, their lack of a meet and confer is an independent basis to deny their motion to compel. *See Stai*, 2016 WL 11031224, at * 4 n.5 ("The Court notes that Plaintiff's Motion to Compel could also be denied on these grounds alone by virtue of Plaintiff's inability to show he attempted to confer in good faith to resolve the discovery request prior to filing the present motion."); *Struzyk v. Prudential Ins. Co. of Am.*, No. 99-CV-1736 (JRT/FLN), 2003 WL 21302966, at *2 (D. Minn. May 16, 2003) ("Even if plaintiff had provided a detailed explanation of its meet-and-confer efforts, such efforts would still be insufficient. . . . [B]ecause the record shows that plaintiff made no effort at all to meet and confer regarding several issues in its motion to compel."); *Est. of Boggess,* 2024 WL 4647989, at *4 (D. Minn. Nov. 1, 2024) ("Plaintiffs' last-minute email notifying [defendant] of their intent to file the Motion does

---

[6] Plaintiffs' counsel admitted at the hearing that no meet and confer was conducted prior to filing the motion.

not come close to satisfying the Court's requirement to engage in good-faith negotiations to resolve the dispute.").

## III.   CONCLUSION

For the foregoing reasons, and based on all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Motion to Compel Discovery and Extend Deadlines (Dkt. 69) is **DENIED**.

Date: November 18, 2025

*s/Shannon G. Elkins*
SHANNON G. ELKINS
United States Magistrate Judge