Samuel W. Diehl
Managing Partner
p. 612.429.8100
sam.diehl@crosscastle.com

2140 4th Ave
Anoka, MN 55303

# CROSS | CASTLE

April 17, 2026

The Honorable Jeffrey M. Bryan                    *Via E-Filing*
United States District Court
316 North Robert Street - Suite 100
St. Paul, MN 55101

> Re:    *Zikar Holdings LLC, et al., v. Ruhland, et al.*,
>         Case No. 24-cv-3721-JMB-SGE

Dear Judge Bryan:

I write to respectfully apologize for the untimely filing of Plaintiffs' briefs (Dkts. 156 and 157) in opposition to the City's and Defendants Lyden's and Ruhland's motions for summary judgment. However, good cause existed for the brief delay, Defendants suffered no prejudice, and the extended briefing deadline provided by the Court sufficiently remedied this issue.

On March 31, 2026, at approximately 8:30 p.m., I began attempting to file my second declaration (ultimately filed on April 2, Dkt. 158), which was to include twenty large PDF exhibits. Due to the size of these exhibits and technical issues with the formatting of the PDF documents, it took approximately 40 minutes to upload the exhibits and await confirmation from the ECF system as to whether they were accepted. When the system identifies errors, it does not specify which files are problematic or the nature of the issue. I then attempted to correct the files and refile the declaration. After three attempts, I believed the filing had been successful, but I then realized it was just before midnight and that Plaintiffs' briefs still needed to be filed.

These issues resulted in the briefs being filed four and seventeen minutes late, respectively. I also had not successfully filed the declaration, which I did not discover until April 2, when we attempted to file it again. We did not seek advance permission to file out of time because we did not anticipate any delay and failed to appreciate the need to do so immediately after the late filings occurred. I apologize for this error as well.

I recognize that our filings in this case have suffered from technical deficiencies and again apologize to the Court. We have made efforts to remedy these issues, but have not been entirely successful. Despite these difficulties, this case should be resolved on its merits, not on technicalities that caused no prejudice to Defendants.

CrossCastle PLLC | www.CrossCastle.com

Minneapolis | Washington

The Honorable Jeffrey M. Bryan
April 17, 2026
Page 2

"[T]he requirements of the rules of procedure should be liberally construed and … mere technicalities should not stand in the way of consideration of a case on its merits." *Hairston v. Wormuth*, 107 F.4th 867, 870 (8th Cir. 2024) (quoting *Torres v. Oakland Scavenger Co.*, 487 U.S. 312, 316 (1988)); *see also Ash v. Anderson Merchandisers, LLC*, 799 F.3d 957, 962-63 (8th Cir. 2015). Even when a party commits a procedural error, the consequence must "be fairly proportionate" to the deficiency and "must be considered only within the context of whatever lesser sanctions might be available." *Johnson v. Boyd-Richardson Co.*, 650 F.2d 147, 150 (8th Cir. 1981).

Here, Defendants suffered no prejudice from receiving Plaintiffs' briefs less than twenty minutes late. The Court allowed Defendants an additional twenty-four hours to file their reply briefs, which more than remedied Plaintiffs' minimal delay. This issue should be considered in light of Defendants' blatant, intentional religious discrimination in violation of Plaintiffs' fundamental rights. Plaintiffs should not be deprived of the opportunity to present written opposition to Defendants' motions due to counsel's technical errors. Plaintiffs respectfully submit that the Court has already imposed a sufficient remedy and request that the Court accept and consider their opposition briefs.

Thank you.

Sincerely,

Samuel W. Diehl
CROSSCASTLE PLLC